47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ILLINOIS CENTRAL RAILROAD CO., a Delaware Corporation,
Plaintiff-Appellee,
v.
GULF & OHIO RAILWAYS, INC., also known as Mississippi Delta
Railroad, a Tennessee Corporation, Defendant,
Pacific Insurance Co., a California Corporation, Defendant-Appellant.
 No. 93-6280.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pacific Insurance Co. ("Pacific"), appeals from a May 6, 1993, order of the United States District Court for the Western District of Tennessee granting summary judgment in favor of Plaintiff-Appellee, Illinois Central Railroad Co. ("ICR") on its claim for indemnity and contribution. For the reasons set forth below, we AFFIRM.
 
 I. STATEMENT OF THE CASE
 
 2
 This diversity action was brought in the United States District Court for the Western District of Tennessee by ICR, a Delaware corporation with its principal place of business in Illinois, against G & O, a Tennessee corporation with its principal place of business in Tennessee, and Pacific, a California corporation with its principal place of business in California.
 
 
 3
 The basic facts of this case are not in dispute and have been meticulously set forth in the May 6, 1993 order rendered by the Honorable Robert M. McRae, Senior United States District Judge.
 
 
 4
 We briefly summarize those facts here. In March 1989, ICR delivered a closed hopper car to G & O. The car was believed to be empty and G & O was to deliver it to Archer Daniels Midland ("ADM"), a seller of agricultural commodities, to be loaded with feed grain. The rail car delivered to ADM was, however, not empty, it contained a residuum of about 1,200 pounds of barium carbonate, an odorless poisonous white powder. Prior to delivering the car to ADM, G & O inspected the exterior of the car but neither ICR nor G & O inspected the interior of the car. Without inspecting the interior of the car, ADM loaded the car with soybean hulls for shipment to Purina Mills, Inc., in Louisiana to be processed into livestock feed. G & O transported the rail car from ADM to ICR which, along with other carriers, delivered the car to Purina Mills.
 
 
 5
 The soybean hulls were consumed by dairy cattle in the form of feed, resulting in their injury and death, and the production of contaminated milk. The milk had to be recalled from the grocery shelves by the purchaser, Borden, Inc. As a result, Borden, Purina Mills and dairy farmer claimants asserted damage claims against ICR. ICR ultimately made a series of settlements with these parties which totalled $2,738,638.87.
 
 
 6
 ICR sought reimbursement from G & O and insurance proceeds from Pacific. ICR was a named insured under G & O's policy with Pacific. G & O denied negligence in the handling of the contaminated car and any duty to indemnify under the circumstances. Pacific denied that the damages were covered under the terms of the Policy. G & O and Pacific have admitted that the settlements occurred and were reasonable.
 
 
 7
 ICR filed a motion for summary judgment as to Pacific and partial summary judgment as to G & O. Pacific and G & O jointly filed cross-motions for summary judgment. The Defendant-Appellant, Pacific, appealed the district court's grant of summary judgment in favor of ICR in the amount of $3,640,901.12 plus post-judgment interest. This final judgment dismissed the complaint against G & O and ICR has not appealed that dismissal.
 
 II. DISCUSSION
 Standard Of Review
 
 8
 Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing a motion for summary judgment, this court must consider the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). This court reviews a district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991).
 
 
 9
 The district court concluded that the contamination of the soybean hulls arose out of the rail operations of G & O. Therefore, the contamination was a covered occurrence under the policy rendered to G & O by Pacific. We have thoroughly reviewed the record and the comprehensive order issued by the district court. After having drawn all reasonable inferences in favor of Pacific, we agree with the district court.
 
 III.
 
 10
 For the reasons articulated in the May 6, 1993, order of the district court, rendered July 28, 1993, by the Honorable Robert M. McRae, Senior United States District Judge for the Western District of Tennessee, we AFFIRM.